## Antonio Rodriquez v. The State.

No. 2505. Decided June 18, 1913.

**1.—Murder—Evidence—Bills of Exception.**

Where, upon appeal from a conviction of manslaughter, the bills of exception to the introduction of testimony did not point out the error, the same could not be considered.

**2.—Same—Evidence—Leading Questions.**

Where none of the questions were leading, and all the evidence was admissible to which defendant objected, there was no error; besides, the bills of exceptions were defective. Following Carter v. State, 59 Texas Crim. Rep., 73.

**3.—Same—Argument of Counsel—Harmless Error.**

Where the argument of counsel objected to by the defendant was not of a very objectionable character and was promptly withdrawn by the State's counsel, and the jury instructed not to consider it, and no injury was shown, and defendant received the lowest penalty, there was no error.

**4.—Same—Charge of Court—Apparent Danger.**

Where, upon trial of murder and a conviction of manslaughter, the evidence did not raise the issue of apparent danger, and the court's charge on manslaughter and self-defense were correct, and the evidence sufficiently sustained the conviction, there was no error in the court's failure to charge on apparent danger.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Caldwell. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O. Ellis* and *T. B. Monroe*, for appellant.—On question of argument of counsel: Crawford v. State, 15 Texas Crim. App., 501; Bryson v. State, 20 id., 566; Davis v. State, 54 Texas Crim. Rep., 236, 114 S. W. Rep., 366.

On question of court's failure to charge on apparent danger: Carter v. State, 35 S. W. Rep., 378; McLaughlin v. State, 10 Texas Crim. App., 340; Jennings v. State, 7 Texas Crim. App., 350.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Upon an indictment for the murder of his brother-in-law, Senovia Ramarez, upon a trial appellant was convicted of manslaughter, and the lowest penalty, two years in the penitentiary, assessed.

Appellant has several bills of exception to the introduction of the testimony of the State's witness, Jesus Torres. Without any statement of the case in the bills, he objected to these questions by the district attorney and answers: "Now, I want to know what Senovia's wife said, and to whom she was talking when she said that?" He answered: "She was talking to Senovia, and told him it was none of his business." The attorney then asked: "What was Senovia and Antonio talking about when Senovia's wife said to Senovia that it was none of his business?" He answered: "They were talking about a woman. . She told the man that it was none of his business and not to butt in." To further inquiries this witness stated they were talking about a woman, but he did not know whether it was Senovia's woman or Antonio's woman. Appellant's objections to this was that the evidence is immaterial and irrelevant and not pertinent to any issue in the case and was hearsay and did not occur at such a time and place as to make it a part of the res gestae.

By another bill, without any explanation of the status of the case, it is shown that after proving by said witness that Senovia hit his wife with his fist in Antonio's presence, the district attorney asked the witness: "Did Senovia strike his wife, did he endeavor to strike her and was prevented by Antonio?" He answered: "Senovia didn't hit the woman; Antonio spoke up and said not to hit her." His objections to this was that the question was leading and suggested the answer desired, which answer was calculated to injure him. This is in substance the whole of the bill.

By another bill it is shown that after this same witness had testified that appellant and the deceased had been fighting with their mouths in the yard for about fifteen minutes, and that deceased struck the appellant with a stick of wood and ran, with appellant running after him, the district attorney asked him: "What did Antonio do before he started to run, or after he started to run?" He answered: "When he hit Antonio, Senovia ran and Antonio pulled out a dirk knife and ran after him." This was objected to because leading and suggested the answer. This is in substance the whole of this bill.

Neither of these bills show any error. We think none of the questions were leading, but if so, the bill shows no error on that account. Carter v. State, 59 Texas Crim. Rep., 73. If we could look to the record and statement of facts to supply the clear deficiency of the bills, we would find that all this evidence objected to was material and relevant and was not hearsay and was a part of the res gestae of the fight because thereof, and the killing.

By another bill appellant complains of this language used by the district attorney, in making his closing argument to the jury: "I have done my duty in this case, but if the juries of Caldwell County do not do their duty the officers of the law are powerless to enforce the law and prevent crime. Do you know, gentlemen, that there are more homicides committed in Caldwell County than in any other county in this judicial district?" The circumstances under which this language was used by the district attorney and the surroundings of the case are in no way disclosed by this bill. It does disclose that when he objected to these remarks that the court sustained his objections and that the court instructed the district attorney not to pursue such line of argument further. Whereupon, the district attorney desisted. The court in allowing the bill qualified it by saying: "At the time when the district attorney made said remarks, the court instructed the jury that they should not consider the same, whereupon the district attorney apologized to court and jury for getting out of the record and stated that he desired to withdraw his remarks." Even if these brief remarks by the district attorney were improper, they were not only withdrawn by him, but he apologized to the court and jury for using them, and the court instructed the jury not to consider them. The appellant got the lowest penalty for manslaughter. He did not request, in writing, any charge to the jury. No injury whatever is shown to him by this. Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119, and cases there cited.

Appellant has some complaints to the charge of the court on manslaughter in effect that in defining manslaughter and submitting it to the jury for a finding he excepted his defense of self-defense to actual danger and not apparent danger. And to the court's charge in submitting his self-defense, that it was limited to actual and not apparent danger. In allowing appellant's bill of exception on this subject the court qualified and explained them in substance by stating the theory of the defense was self-defense, based upon actual danger. The defendant testified deceased chased him some distance with a knife and when he, defendant, fell down, deceased jumped on top of him; the defendant caught the raised hand of deceased with one hand and that he then stabbed deceased in the back with his knife in the other hand, while he was lying on the ground with deceased on top of him. The whole evidence does not in any way raise apparent danger. but immediate, actual and pressing danger and only that, from appellant's own testimony which was all the evidence that raised it. We have carefully considered all of appellant's complaints to the charge of the court and none of them are well taken.

We have carefully read the record and evidence in this case. The evidence would have justified murder in either the first or the second degree. We can not understand from this record how appellant escaped with a verdict for so light an offense, and the lowest penalty.

There being no error the judgment will be affirmed.

*Affirmed.*