### SAMUEL HAYES V. THE STATE.

#### No. 5424. Decided June 11, 1919.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Other Offenses—Confessions—Suspended Sentence.**

Where, upon trial of burglary, the defendant made unwritten confessions which led to the finding of the stolen goods, and his declaration as to other

28—T. C.

burglaries were pertinent to the issue of suspended sentence, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was convicted of burglary of a store belonging to B. B. Hill.

The evidence fully supports the conviction. There are some bills of exception complaining of the receipt of evidence upon the ground that it established an extraneous crime and was in the nature of confessions without warning or verification as required by the statute. The evidence referred to consisted of proof that there was found in possession of appellant various articles such as were kept in a grocery store, and that he stated part of them had come from the store of Hill, the injured party named in the indictment, and part of them from other places from which he had stolen them. In connection with this statement he went with the officers to the store of Hill and there pointed out and segregated from the mass of groceries found in his possession those which he claimed to have gotten from Hill's store; also in connection therewith pointed out the place in the store from which he took them. This testimony, so far as it related to the burglary under investigation, we think was authorized by Article 810, C. C. P., which permits confessions unwritten and unwarned where the facts or circumstances stated are found to be true and conduce to establish his guilt. So far as they relate to other burglaries committed by him, they were pertinent to the issues raised by his application for suspended sentence. As explained by the trial court, none of the bills of exception present reversible error, and the judgment is affirmed.

*Affirmed.*