### D. F. JONES V. THE STATE.

No. 10532.   Delivered January 12, 1927.

**1.—Passing Forged Instrument—Evidence—Properly Admitted.**

Where, on a trial for passing a forged instrument, appellant complains of the action of the court in permitting the witness, Fuqua, holder of the forged note, to testify that no part of the judgment obtained against the appellant was ever paid, the qualification to his bill stating that the record shows that no such judgment was ever rendered against the appellant, no error is presented.

**2.—Same—Evidence Admitted—Harmless, If Error.**

Where appellant complains of proof offered that he failed to appear in response to his bond, that same was forfeited and judgment nisi rendered against him, proof of the flight of accused, and his disappearance from the county having been admitted without objections from him, the evidence of his default on his bond was harmless, if erroneously admitted.

Appeal from the District Court of Smith County.    Tried below before the Hon. Reese Tatum, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Deaf Smith County of the offense of passing a forged instrument, and his punishment assessed at two years in the penitentiary.

Briefly stated, the record discloses that the appellant passed to J. L. Fuqua a note purported to have been signed by himself and T. W. Smith, his father-in-law. It was conclusively shown by the state that Smith did not sign the note or authorize anyone else to do so for him. The appellant failed to testify in the case and did not offer any evidence in defense of his action in passing the note.

We find only two bills of exception in the record. Bill of exception No. 2 complains of the action of the court in permitting the state to have the witness, J. L. Fuqua, testify that no part of the judgment obtained against D. F. Jones was ever paid. The court qualified this bill by stating that the record shows that no judgment was recovered against the appellant and that he was dismissed from the suit, and the record shows that Smith defeated his part of the suit upon the ground of forgery. This bill, as presented, shows no error, and even if the bill showed error it would be harmless on account of the record disclosing that there was evidence from witnesses other than Fuqua, admitted without objection, to the effect that the appellant was sued on the note in question, but that on account of a failure to obtain service he was dismissed from the case and no judgment taken against him.

In bill No. 8 complaint is made to the action of the court in permitting the state to prove by the district clerk that a judgment nisi had been taken against the appellant and his bondsmen on the 21st of November, 1924, it being contended that said evidence was irrelevant and immaterial to any issue in the case. This bill is qualified by a statement from the court to the effect that the evidence complained of was offered to prove flight on the part of the appellant and was limited to that purpose only

by his instructions to the jury. This bill, as presented, shows no error, and if any error was committed in the admission of such testimony it became harmless on account of other testimony in the record, which was not objected to by the appellant. showing that the appellant was not present at former terms of the court, and was not present at the trial of the civil suit upon the note, and had not been seen in that vicinity since his first arrest, and that the plaintiff in the civil suit had been unable to secure service upon him and for that reason he was dismissed from the case. In view of this situation, there could be no harmful error in the admission of this testimony. Cook v. State, 228 S. W. 213, and authorities there cited. See also Whitworth v. State, No. 10501, this day handed down.

After a careful examination of the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.