IDA HUNTER V. THE STATE.

No. 10922.   Delivered June 22, 1927.

Rehearing denied October 19, 1927.

**1.—Murder—Evidence Properly Admitted.**

Where on a trial for murder, the state was seeking to rebut appellant's claim that deceased was armed with a knife at the time of the difficulty, there was no error in admitting proof of circumstances, which tended to negative such claim by appellant.

**2.—Same—Argument of Counsel—Invited Error.**

Where counsel for appellant in his argument stated facts not given in evidence, and counsel for the state in reply, also stated facts not testified to, while it was improper for both attorneys to go out of the record, the statements of State's Attorney constituted an invited error, which, being of no serious character, would not call for a reversal of the case. See Boser v. State, 4 Tex. Crim. App., and other cases cited.

**3.—Same—Charge of Court—Must be Excepted To.**

Where appellant complains of the court charging on provoking the difficulty, and it does not appear from the record that any exception was filed in writing within proper time to such charge, nothing is presented for review.

**4.—Same—Charge of Court—On Self Defense—Held Sufficient.**

Viewed in its entirety, the charge of the court on self defense, and the right of appellant to stand her ground, and not retreat was sufficiently clear and comprehensive to protect all rights of the appellant.

**5.—Same—Requested Charges—When Presented.**

Where appellant complains of the refusal of the court to give her requested charge, and it is not made to appear that such requested charge was presented to the court before the main charge was given to the jury, his complaint will not be considered.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of murder, penalty twenty years in the penitentiary.

The opinion states the case.

*Taylor & Wimmer* of Texarkana, and *Geo. W. Johnson* of New Boston, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of murder, punishment, twenty years in the penitentiary.

There is a bill of exceptions setting forth objections to the testimony of one Butler, who was an eye-witness to a part of the fatal difficulty. Mary Ruffin was immediately present at the difficulty and separated the combatants. Butler testified that after the difficulty ended he asked Mary Ruffin how came deceased to go up to appellant just before the fight began, and that she replied, "Ida called her." He testified also that he asked her why she walked away, to which she replied that she always did when people wanted to talk privately. He further testified that he asked her how she came to come back so quickly, and that she replied, "Well, I run back to part them." These matters were objected to as being conversations out of appellant's presence and hearing by which she could not be bound. We do not regard the complaint as serious. Several witnesses testified without objection that appellant called deceased just before the difficulty began, and appellant herself so testified. Mary Ruffin testified for the defense that appellant called deceased just before the difficulty began, and also that she

walked away from them when deceased came up, because she did not care to hear their private conversation, and that hearing the scuffling of their feet, she turned around and saw them fighting and ran back and parted them. The matter involved in the complaint herein was testified fully to by defendant's other witnesses without any objection.

Appellant claimed that deceased made the first attack upon her with a knife. Undoubtedly the state would have the right to show if it could, that deceased did not own a knife before that day, and that she did not buy one on the day of the homicide. As tending to support such theory, state witnesses testified that the only money deceased had on the day in question was carried by her to town tied up in a handkerchief, and that the same amount of money was found on her person tied up in such handkerchief after she was killed it was also permissible to show that the car in which deceased went to town was parked a long distance from the place where the defense testimony tended to show she had purchased the knife on the day of the difficulty. Testimony along this line appears in bills of exception Nos. 2 and 3, which appear to be without merit.

Undeniably there was feeling between appellant and deceased growing out of what appellant believed to be improper relations between her husband and deceased. The state's theory was that appellant called deceased to her on the morning of the killing and stabbed her because of her anger toward deceased on account of such conduct between deceased and the husband of appellant. The defense claimed that the killing was in self-defense against an attack made by deceased on appellant in resentment of appellant's interference in said relationship. Appellant's husband was not used as a witness. Bill of exceptions No. 4 complains of a statement made in argument by the District Attorney in closing the case for the state. It appears from the bill of exceptions that in the opening argument said District Attorney criticised the defense for not using the husband of appellant as a witness and challenged them to show why he was not used. Appellant's counsel in his argument, answering this challenge, said "A husband who has been disloyal to his wife will not, in all cases, take the stand and admit his guilt. This is that sort of case." In his closing argument the State's Attorney said:

"Now, that the defendant's attorneys have gone outside of the record in their argument, I shall go outside of the record in answer to their argument and tell you that I know that Wash

Hunter was not an adverse witness to his wife (the defendant) because I know that he signed notes and gave a mortgage on his mules and property to raise the money to pay lawyers to defend her in this case, and a man who will do that for his wife is certainly friendly to her."

That appellant's attorney went out of the record first in this matter is evident. Reference, on the part of the State's Attorney, to the failure of appellant's husband to testify in her behalf seems permissible, the state not having the power to use him as a state witness. The challenge made by the District Attorney to the defense to explain such failure, could not be fairly construed to call for any explanation save within the record. The fact that the husband was not an eye-witness to the homicide, and could shed no light on the guilt or innocence of the appellant, would have seemed a sufficient reply to the challenge of the District Attorney. Appellant's attorney went outside of the record and made statements of fact. The State's Attorney then went outside the record in reply. We think neither attorney justified. However, nothing in the statements seems capable of injury to the rights of appellant. The fact that her husband secured or paid her attorney's fees would neither add to nor take from the proposition that she attacked and killed deceased upon malice aforethought. The error, if any, was invited, and therefore not reversible. Baker v. State, 4 Tex. Crim. App. 223; Williams v. State, 24 Tex. Crim. App. 658; House v. State, 19 Tex. Crim. App. 227; Lewis v. State, 29 Tex. Crim. App. 202; Ray v. State, 35 Tex. Crim. Rep. 354. Complaint of the argument in such case can not avail the accused. Sanders v. State, 35 Tex. Crim. Rep. 130; McHenry v. State, 76 Tex. Crim. Rep. 273. The statement made by appellant's attorney was an affirmation of the truth of what his client suspected, viz: the guilty relations between deceased and the husband of appellant, which had not been otherwise proved. There was some objection to an explanation placed upon this bill of exceptions by the court, and we have considered same without the explanation.

Bill of exceptions No. 6 sets out certain parts of the charge and asserts that there was no evidence calling for a charge on provoking the difficulty, and that the charge itself was improper in form. We have searched the record in vain for an exception in writing to the charge as required by the statute, but find none. Had there been such exception, we would have held a charge on provoking the difficulty well supported by the facts. Appellant herself testified that she called deceased to her and

made a number of remarks to her before the difficulty began, which remarks the jury would have been fully justified in taking as provocative of an attack upon appellant by deceased. Said charge was not erroneous in form.

Appellant sought new trial because of newly discovered evidence. Affidavits were attached. All were people who lived in the same neighborhood with appellant. Some were witnesses at the trial. The diligence shown is not sufficient. The bill is qualified and presents no error.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes this motion and supports it by bringing forward of a supplemental transcript, upon the idea that her bill of exceptions No. 5 as appears in the transcript, was omitted therefrom, because not discussed by the court in its opinion. The bill of exceptions brought forward by the supplemental transcript appears in the original and was not discussed by us because we did not believe it to present any error. Same was reserved to the refusal of the court to give a special instruction telling the jury that if appellant was attacked by deceased she did not have to retreat or run from the attack of the deceased, but had the right to strike and to continue to strike as long as it appeared to her that her life was in danger or she was in danger of serious bodily injury. The court approves this bill with the qualification that it was fully covered by the main charge. Looking to the main charge we observe that the jury were told therein that the appellant would be justified in using all necessary force to protect her life or person against a reasonable apprehension of death or great bodily harm, provided she acted upon a reasonable apprehension of danger as it appeared to her from her standpoint at the time, and in such case she would in no event be bound to retreat in order to avoid the necessity of killing her assailant. We further find in the main charge an instruction that if the deceased had made an attack on the appellant which caused her to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such expectation or fear she killed the deceased, she should be acquitted, and this was coupled with the further statement that if deceased was armed and was making such attack on the appellant, and if the weapon used by her and the manner of its use were calculated to produce death or serious bodily harm, the law presumes such intent

on the part of the deceased. However, an examination of said bill of exceptions No. 5 makes it apparent that there is no showing either upon the caption of the bill or anywhere therein, as to the fact that said special charge was duly and timely presented after the evidence was closed and before the argument was begun and before the main charge of the court was read. It is always necessary in order to properly bring before us a review of the action of the court in refusing a special charge, that it be shown by the record that such special charge was presented to the court after the evidence was closed and before the main charge was read to the jury. Such is the requirement of the statute.

We believe appellant's motion is without merit, and same will be overruled.                                        *Overruled.*