Ernest Sweat v. The State.

No. 13666. Delivered June 11, 1930.
Rehearing denied June 26, 1930.
Reported in 29 S. W. (2d) 756.

The opinion states the case.

*G. H. Crane,* of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is burglary; penalty, confinement in the penitentiary for a period of two years.

The evidence adduced upon the trial is not before us.

There is but one bill of exceptions from which it appears that the appellant was arrested while attempting to sell certain plumbing fixtures. The property was taken from him and he told the officers that it was stolen; that it came from a house which he had burglarized. He accompanied them to the house and the fixtures were found to match those in the house from which he had taken them. At the time of the arrest of the appellant the officers did not know from whence the stolen property came. From the appellant's action the officers learned facts which they did not know before, namely, the location of the place that had been burglarized and that the stolen fixtures belonged in the house to which the officers were conducted by the appellant. It is the appellant's contention that the evidence of the officers was not authorized under Art. 727, C. C. P., which in part reads as follows:

"* * * or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

The facts are deemed such as apparently bring the case within the principle announced in Turner v. State, 4 S. W. (2d) 58, and Johnson v. State, 108 Tex. Cr. R. 499, in which the declarations of the accused were held admissible. In the absence of the statement of facts, however, an affirmance will be necessary as there may have been other uncontroverted proof of guilt.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—At the time the original opinion was written no statement of facts was in the record. It has now been forwarded to this court and having been filed in time in the trial court is entitled to consideration. It shows that appellant and another party were trying to sell some plumbing fixtures. Upon being accosted by officers the other party escaped. Appellant told the officers he and his companion got the fixtures from a certain house. No report had reached the officers that said house had been burglarized and the information given them by appellant was the first

they knew of it. Appellant went with the officers and pointed out the house. It was vacant and we gather from the record that even the owner was not then aware that the house had been burglarized. It had been entered by the use of a key on the back door which enabled the burglars to unlock the door but the key could not be removed. The fixtures in possession of appellant and his companion were identified as those taken from the house. The burglary was shown by testimony aside from appellant's confession to the officers.

The evidence is sufficient.

The statement made by appellant to the officers was found to be true and conduced to establish his guilt, and were provable against him under direct sanction of Art. 727 C. C. P. (1925).

The motion for rehearing is overruled.

*Overruled.*