## SOL SESSUMS V. THE STATE.

No. 16745.   Delivered May 30, 1934.

The opinion states the case.

*Stollenwerck & Stollenwerck,* of Hillsboro, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for one year.

Appellant inflicted a serious wound on George Wells with an axe. According to the version of the State, the injured party was making no demonstration at the time he was struck by appellant, and had in no manner provoked the difficulty. Appellant testified that a quarrel arose between him and the injured party relative to some wood. We quote from appellant's testimony as follows: "And I made the remark then and there that anybody that said I went on the Lawless land and got anything without a right was a liar, and he (the injured party) just made a run for me coming right on me; of course I wasn't aiming to fight, I didn't want to fight him, but I was right on this woodpile and this axe was sitting there about five feet east of me, and he was coming at me and I just stepped over and picked up the axe and hit him. All I done in the world was to keep the man off of me, and when I kept him off of me I never hit him any more. I never said a word to him. When he was coming at me, his right hand was in his right-hand pocket, just about like that (indicating). I thought he was making an attack on me. I thought he had a knife or something in his hand and was aiming to use it by the way he was coming at me with his

hand in his pocket. * * * I was excited then when he made that run toward me. I felt like my life was in danger."

The only instruction on self-defense embraced in the charge of the court reads as follows: "Upon the law of self-defense you are instructed that one charged with any grade of assault has the right of self-defense against an unlawful attack, although the attack does not amount to an effort to inflict death or serious bodily injury. If you believe that the defendant committed the assault, (if he did so) as a means of defense against an unlawful attack made upon him by the said George Wells, then you will acquit the defendant and say by your verdict 'not guilty.' "

Appellant timely and properly objected to the charge for failing to instruct the jury that they must view the transaction from appellant's standpoint alone as it reasonably appeared to him at the time. We deem the charge too restrictive. Appellant testified that he believed the injured party had a knife in his pocket and was preparing to draw it and kill him. The charge, in effect, confined the jury's consideration to an actual attack by the injured party. Privett v. State, 44 S. W. (2d) 694, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.