### SOL SESSUMS V. THE STATE.

No. 17581. Delivered May 29, 1935.
Rehearing Denied, Without Writtten Opinion, June 26, 1935.

The opinion states the case.

*Stollenwerck & Stollenwerck,* of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, two years in the penitentiary.

This is a second appeal. The opinion on the former appeal is reported in 72 S. W. (2d) 249 (126 Texas Crim. Rep., 402).

Appellant struck George Wells on the head with a double bladed axe. The doctor who examined Wells testified that the wound made was a sharp cut about three inches long, penetrating the skull and into the brain tissue. It appears from the testimony that while Wells did not die, he suffered an injury from which he would likely never recover. The testimony for the State showed an unprovoked assault. That for appellant,

an assault on belief that he was about to be attacked by Wells. The evidence is sufficient to support the conviction.

There are four bills of exception. Bill 1 complains of testimony of Lee Wells, a son of George Wells, as to what passed between himself and his father on the day before this assault. Appellant's objection was that the testimony was hearsay. Nothing in the bill negatives the fact that appellant was present and heard all that was said. If we understand the testimony of Lee Wells, he certifies to the fact that appellant was present and could hear what was said. This bill of exceptions presents no error.

Bills of exception 2 and 3 show that the court overruled appellant's objections and admitted testimony going to show that some three years before the trial herein appellant had paid a fine for an assault upon a boy. The court seems to have allowed the testimony on the theory that an application was filed by appellant asking for a suspended sentence. Without going at length into the matter, we call attention to a number of authorities holding that such proof of isloated or specific acts, as an original attack upon the reputation of accused, is not proper. See Bryant v. State, 106 Texas Crim. Rep., 442; Lovelady v. State, 95 Texas Crim. Rep., 571; Alexander v. State, 95 Texas Crim. Rep., 497; Overby v. State, 92 Texas Crim. Rep., 172; Brown v. State, 92 Texas Crim. Rep., 147; Waters v. State, 91 Texas Crim. Rep., 592. While it is true that the general reputation of the accused is an issue in such case, and may be shown to be good or bad as needs be, still this proof can not be made by particular instances as will be ascertained from an inspection of the authorities cited. It is equally true that upon cross-examination of witnesses who have testified to the reputation of a. witness or the accused, questions may be asked as to whether such witness had heard of particular instances for the purpose of testing the knowledge or accuracy of the testimnoy of the witness being examined.

However, in this case, the error of the admission of testimony as to a specific violation, as complained of by appellant,— becomes of no avail to him inasmuch as it appears from this record that his honor, Justice Helms, testified as a witness, without objection by appellant, that in September, 1931, appellant, in his court, paid a fine for an assault upon a boy. Authorities are numerous and uniform in this State holding that the error of the admission of objectionable testimony, even though objected to,—becomes of no avail if other testimony of the same substance be put before the jury without objection.

Jones v. State, 106 Texas Crim. Rep., 25; Hunter v. State, 107 Texas Crim. Rep., 609. Many cases on this point are cited on pages 587-588, Vol. 4, Texas Jurisprudence. It is clear that if we are correct in what we have above said, there was no error in allowing the witnesses introduced by the defense to prove the good reputation of appellant, to be cross-examined as to particular instances of misconduct on his part, this being for the purpose of testing the knowledge of the witnesses and the weight to be given their testimony.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*