CHARLES BERNARD GREEN V. STATE

No. 27,265. January 5, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 23, 1955

132

*A. C. Chaney,* Cleburne, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of whiskey for the purpose of sale in a dry area; the punishment, six months in jail and a fine of $450.00.

Chief of Police Street testified that, in company with other officers and armed with a search warrant, he went to "a white frame building facing east on the next lot directly north of the Dairy Cream, which address of the Dairy Cream is 1015 N. Main St." in the city of Cleburne; that the building was located within a used car lot; that the appellant was there, as was a bed and some clothes; that they searched the clothes and found four half-pints of whiskey. Street testified that they then attempted to search a green Buick automobile but could not open the trunk; that the appellant said that he had lost the key; that he told the appellant that they would have to gain entrance to the trunk and would have to take the Buick to a body shop for that purpose and suggested that they have it towed, but that the appellant replied, "Go ahead and drive it."

Street testified further that some three weeks prior to the search the appellant had told him that the green Buick belonged to him and that the appellant exhibited to him title papers to the Buick made out in blank and a receipt for the dealer's license which was on the Buick.

Officer Kimbrell stated that he drove the Buick to the body shop, that they gained admittance to the trunk by removing the back seat and there found a satchel containing 34 half-pints of whiskey.

E. C. Butler testified that he ran a used car lot at the location in question, that the appellant rented an apartment from him there, and that the whiskey was not his.

Appellant did not testify or offer any evidence in his own behalf.

Appellant objected to the search of the house and the automobile on the grounds that the premises were described in the warrant as a private dwelling and because the automobile was not described in the warrant.

A quotation from the warrant will, we think, best answer both objections, to-wit:

"A certain private dwelling, located in Cleburne, Johnson County, Texas, described as (a) White frame building, used as used car lot office, located just North on the next lot, from the Dairy Cream, same being the next building North of 1015 North Main St., Cleburne, Texas, facing East on said street. Said location being called Butler Car Lot. Also all automobiles, outhouses, garages, curtileges and appurtinances thereto."

There can be no merit to appellant's claim that the search of the automobile was unauthorized because finally accomplished at the body shop some distance from the used car lot.

Finding no reversible error, the judgment of the trial court is affirmed.