ERNESTO ALEJANDRO V. STATE

No. 27,453. March 9, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 27, 1955

*Polk Hornaday,* Harlingen, for appellant.

*F. T. Graham,* District Attorney, *Darrell B. Hester,* Assistant Criminal District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted of assault with intent to murder with malice, and his punishment was assessed at eight years in the penitentiary.

The evidence offered by the state shows that appellant and Ramon Alejandro are cousins and that Adelia Alejandro, the assaulted party, is the wife of Ramon Alejandro. On December 24, 1953, appellant went to the home of Ramon about 6:00 p.m. and, Ramon and Adelia being absent, he visited with Ernesto Gonzales and his wife, Marina, who lived in the same house with Ramon and Adelia. During the visit, appellant told Marina that she was going to stay there in her sister-in-law's place.

Ramon and his son, Eusevio, returned home about 9:30 p.m., and within a short time Ramon sent Eusevio for his wife, Adelia, who was visiting their daughter about five miles away.

When Adelia and her son returned home about 11:45 p.m. Adelia asked Ramon why he did not come for her, and appellant said, "He is more on our side than on your side." At this time appellant, Ramon, Adelia, Eusevio and Marina were grouped around the stove. While Adelia was bending over the stove warming her hands, appellant stood facing her across the stove, a distance of about four feet, and said, "I am going to prove to you I am a man," and then took a pistol from underneath his coat, pointed it at Adelia and shot her one time. It was shown that the bullet severed Adelia's spinal column and caused a permanent and total paralysis from her neck down.

The testimony further shows that appellant had been attentive to Yolanda, the fifteen-year old daughter of Ramon and Adelia. Yolanda told her mother of appellant's attentions toward her, and her mother asked appellant to leave Yolanda alone.

Appellant testified that he had taken the pistol with him on this occasion to show it to a prospective purchaser, who failed to appear as they had agreed, and then he went to Ramon's house. He stated that he and Ramon had drunk some tequila during the day and also drank some that night, and that he was drunk. He further testified that when he started home he took his pistol from his pocket with the intention of firing into the ceiling, but that in doing so it was accidentally discharged.

Appellant denied having any ill feeling toward Adelia or Yolanda or having done or said anything indicating ill-will toward them, and further stated that their relationship was friendly.

We find the evidence sufficient to support the verdict of the jury.

The record does not contain any formal or informal bills of exception.

In the absence of a bill of exception, we cannot appraise the appellant's complaint in his brief relating to the court's ruling on the admission of evidence.

In his brief, appellant complains of certain remarks of the state's attorney during his argument to the jury. Objections to jury argument must be preserved by a formal bill of exception. See McCutcheon v. State, 158 Texas Cr. Rep. 419, 252 S.W. 2d 175; Israel v. State, 158 Texas Cr. Rep. 574, 258 S.W. 2d 82; Hernandez v. State, 159 Texas Cr. Rep. 178, 262 S.W. 2d 200; Phillips v. State, 159 Texas Cr. Rep. 286, 263 S.W. 2d 159; Hall v. State, 159 Texas Cr. Rep. 342, 263 S.W. 2d 563.

Appellant next contends that the court erred in overruling his motion for a new trial which alleged that a juror, being asked on voir dire examination if he and the prosecuting attorney belonged to the same organization, stated that they belonged to the same church but did not volunteer the information that he was a member of a Sunday school class taught by said attorney.

This complaint presents a matter that does not relate to any ruling, opinion or other action of the court, nor jury misconduct, as may be raised by an informal bill under the provisions of Articles 759a or 760e, Vernon's Ann. C.C.P. In order to preserve the matter here complained of, a formal bill of exception is required.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.