GERTRUDE BROUSSARD V. STATE

No. 29,791. May 7, 1958.

*John Cutler,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Gus Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of policy paraphernalia; the punishment, 180 days in jail and a fine of $1,000.00.

Officer Driskell of the Houston police vice squad testified that, armed with a search warrant and accompanied by other officers, he presented himself at a certain address and asked for the appellant, and when she appeared he served the search warrant upon her and proceeded to search the house. Some fifteen minutes later, and while the search was in progress, one Dandy made his appearance at the house, and when being questioned by the officers as to his business stated that he had "played a play" with the appellant the day before, had "hit" and had come to collect and place another play with the appellant. The appellant, who was present during the conversation with Dandy, was arrested, carried to the police station, searched by a matron, and in her underclothes were found a sack containing money and several slips of paper, which, according to Officer Bond who qualified as an expert on policy, contained writings which evidenced that they were policy plays and were designed and adapted for use in connection with policy games.

Appellant did not testify or offer any evidence in her behalf.

We shall discuss the contentions advanced by appellant's able counsel in brief and argument.

There are no formal bills. The statement of facts reveals that an objection was made and overruled, and a motion to quash the panel was made and overruled, because the court ordered the appellant to seat her six-year-old granddaughter among the

spectators and not at the counsel table with her. As stated, only the objection and the rulings appear before us, and we do not have sufficient facts before us to appraise the injury, if any, to the appellant resulting from such rulings. In view of this fact, it is not necessary for us to determine if the last three paragraphs of Judge Davidson's opinion in Odell v. State, 79 Texas Cr. Rep. 209, 184 S.W. 208, upon which appellant relies, constitute the holding of the majority or merely expression of Judge Davidson's views.

Appellant next complains that he was not permitted to inquire of a prospective juror if she "would give the same consideration to the evidence and testimony of a case involving policy that she could give if the defendant was charged with playing bingo." While it is true that an accused has the right to inquire of a prospective juror if he entertains any prejudice against one charged with the particular crime for which the accused is about to be tried or against a member of a racial or religious group to which the accused belongs, we are at a loss to determine the pertinency of the juror's attitude toward other conduct or crimes not involved in the case upon which he is to sit as a juror.

Appellant next seeks to challenge the sufficiency of the affidavit for the search warrant. As stated, there are no formal bills of exception and the affidavit is not before us. The affidavit was clearly before the court because appellant's counsel quoted portions thereof to the court, and so the recent case of Brown v. State, No. 29,702 (page 322, this volume), has no application here. If the appellant wished to challenge the sufficiency of the affidavit in this court, it became incumbent upon her to bring the instrument before us. This she has not done.

Appellant's sole objection to the search of her person was that the search warrant did not authorize a search at another place than her home. Since the warrant is not before us, we cannot pass upon its sufficiency, but, surely, if the appellant was lawfully arrested at her home, which fact is not challenged in this record, the right to search her person continued until the police could get her to a matron. Green v. State, 161 Texas Cr. Rep. 131, 275 S.W. 2d 110.

Her last complaint relates to the admissibility of the Witness Driskell's testimony concerning Dandy. This testimony was admitted in the absence of the jury, but we have concluded that it was admissible as res gestae declaration by a bystander as dis-

cussed in Allala v. State, 157 Texas Cr. Rep. 458, 250 S.W. 2d 207. The search was in progress, the appellant was present and clearly understood of what she was accused, and is not shown to have made a reply.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.