NATHANIEL G. GRAVES V. STATE

No. 31,186. December 16, 1959
Motion for Rehearing Overruled January 27, 1960
Application for writ of certiorari denied by Supreme Court of the United States
June 13, 1960—filed June 20, 1960

596

*Bradshaw & Bradshaw* by *Donald R. Bradshaw*, Houston 2, for appellant.

*Dan Walton*, District Attorney, *Howell E. Stone*, Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for theft of a radio of the value of over $5.00 and under $50.00; the punishment, 30 days in jail.

Appellant was an employee of Keystone Wholesale Jewelry Company in Houston, of which Gordon, the alleged owner, was manager.

Mr. Gordon testified that after closing on December 6, 1958, he checked his Motorola transistor radios and found 19.

The following day, being Sunday, the store was closed but Mr. Gordon, his wife and several employees, including appellant, worked with the merchandise.

After his employees had left the building Mr. Gordon again checked the Motorola transistor radios and found only 17. An investigation began.

Appellant was arrested near his home and taken to the police station. Later he accompanied officers to his home where a Motorola transistor radio with serial number 54790 was recovered.

Mr. Gordon identified the radio as one missing from the

Jewelry Company, relying upon an invoice listing among 18 radios one with Serial Number 54790 preceded by the letter "O" or "D". He explained that the invoice was written up by the shipper and not the maker.

Daniel T. Norris, Assistant Chief of Police of Jacinto, Texas, testified that appellant was arrested by other officers and brought to the police station where he talked with him; that "we were investigating another party," that as a result of this conversation he went to appellant's home. " * * * the defendant took us to his home and let us in the house and went in with us. * * * He offered to let us in his home."

Officer Norris further testified that appellant started pointing out items "that belonged to * * * " and in the bedroom appellant gave him the radio offered in evidence and said "this belongs to Mr. Gordon."

Appellant testified at his trial and said that the radio which the officers found in his home was one he had purchased at wholesale at the Keystone Wholesale Jewelry Company and had given to his wife. He denied that he handed the radio to Officer Norris or that he consented to the officers' entry into his home. His version was that he was taken there handcuffed and that his home was searched without his invitation or consent.

The issue was submitted to the jury in the court's charge and the jury was instructed that if it had reasonable doubt that the defendant gave his voluntary consent to the search of his home, or believed he did not consent, to acquit.

The jury resolved the issue against the defendant and there is sufficient evidence to sustain its finding that appellant consented to the entry of his house.

We are unable to agree with appellant's contention that the consent of one who is under arrest is not sufficient to authorize a search of his home. We are aware of no holding to that effect by this Court.

It should be noted that no question is raised as to the legality of the arrest of appellant, and no objection based upon the contention that he was under unlawful restraint is found in the record.

Appellant urges that there is a discrepancy between the description of the missing radio and the radio recovered from appellant because the letter appearing before the serial number on the invoice was not on the radio recovered.

Appellant's statement to the officer that the radio he handed him "belongs to Mr. Gordon," and his testimony that it came from the same stock, was sufficient to remove any question as to the admissibility of the radio recovered insofar as any discrepancy in its identification by serial number was concerned.

We overrule the contention that such statement of the appellant to Officer Norris was inadmissible because he was under arrest. The radio proved to be one missing from the Jewelry Company, a fact unknown to the officer before the statement was made. It was admissible under the exception in Art. 727 C.C.P., the statement being found to be true. Sweat v. State, 115 Tex. Cr. R. 130, 29 S.W. 2d 756; Hayes v. State, 85 Tex. Cr. R. 433, 213 S.W. 664.

The appellant complains of certain remarks attributed to counsel for the State in argument. The bills of exception relied upon merely set out a portion of appellant's motion for new trial wherein he sets out the remarks complained of and his objection thereto. There is no certification in the bills that the complained of remarks were in fact made, as stated in the objection and motion, and the argument made does not appear elsewhere in the record. The bills of exception show no error. Hernandez v. State, 159 Tex. Cr. R. 178, 262 S.W. 2d 200.

Other bills of exception seek to complain of jury misconduct and quote from the motion for new trial.

Nothing is presented for review in regard to jury misconduct for the reason that the motion for new trial alleging such was not sworn to or supported by affidavit. Crabble v. State, 79 Tex. Cr. R. 558, 186 S.W. 771; Hicks v. State, 75 Tex. Cr. R. 461, 171 S.W. 755; Vyvial v. State, 111 Tex. Cr. R. 111, 10 S.W. 2d 83; Clay v. State, 157 Tex. Cr. R. 32, 246 S.W. 2d 180; Allala v. State, 157 Tex. Cr. R. 458, 250 S.W. 2d 207; Hicks v. State, 158 Tex. Cr. R. 45, 251 S.W. 2d 409; Roberson v. State, 160 Tex. Cr. R. 381, 271 S.W. 2d 663; Burris v. State, 161 Tex. Cr. R. 210, 276 S.W. 2d 260.

The judgment is affirmed.