## C. D. LIGGINS V. THE STATE.

No. 18372.   Delivered June 17, 1936.
Rehearing Denied October 14, 1936.

The opinion states the case.

*W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder without malice; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Earlene Myams by stabbing her with a knife.

The homicide occurred on the 14th of August, 1935, in a negro cafe in the city of Cleburne. Deceased, who was a young negro girl, weighed approximately 105 pounds. Appellant, who is also a negro, was about 21 years of age at the time of the homicide. According to the testimony of John Arm-

strong, a witness for the State, deceased, who was sitting at the counter in the cafe, asked appellant for a nickel to put in the piano. Appellant then asked deceased to have sexual intercourse with him. She declined, and appellant stabbed her in the side with a knife. Deceased was carried to the hospital, but was later removed to her home. She died the day after she was stabbed. Several witnesses for the State testified that after deceased and appellant had some words deceased hit appellant with a glass; and that appellant stabbed her. Appellant testified that he did not know he had cut deceased until after it was done; that she advanced upon him with a glass of water in her hand and raised her arm to strike him; that he threw up both of his hands to ward off her blows; that at the time he did this his knife was in his hand; that he had no intention of cutting deceased.

In the charge the court accorded appellant the right to defend himself against an attack producing a reasonable expectation of fear of death or serious bodily injury. The jury were also instructed as to appellant's right to defend against an unlawful attack not amounting to an effort to inflict death or serious bodily injury. The court charged the jury as follows:

"Therefore, you are instructed that if you believe from the evidence or if you have a reasonable doubt that the deceased, Earlene Myams, was making or was about to make an attack upon the defendant, C. D. Liggins, with a glass, then the defendant, C. D. Liggins, had a right to defend himself against such attack or apparent attack without the necessity of retreat, and had a right to use such force as might reasonably appear to him to be necessary to defend and protect himself from such attack or apparent attack; and if you believe, or if you have a reasonable doubt that the defendant, C. D. Liggins, stabbed Earlene Myams and thereby killed her in defense of himself against such an attack on the part of Earlene Myams, and that in doing so if he did, he resorted to all other reasonable means at hand except retreat, viewing it from his standpoint, for the prevention of the injury, and that he used no more force than was reasonably necessary, viewed from his standpoint at the time, then you will find the defendant not guilty.

"You are further charged that the law only allows a person to use such force as may be necessary to overcome the force that may be used against him or as he believes is being used or about to be used against him. And in this case, if you

believe from the evidence that Earlene Myams was making or was about to make an assault upon the defendant and that it did not reasonably appear to the defendant that said Earlene Myams intended to kill him or inflict upon him serious bodily injury, then before defendant could justify under the law of self defense the taking of the said Earlene Myams' life he would have to resort to all other reasonable means of defense; and in this case if you believe from the evidence that Earlene Myams did assault defendant at the time of the stabbing, if any, or was about to assault the defendant at the time of the stabbing, if any, and that it reasonably appeared to the defendant that Earlene Myams had no intention of killing defendant or inflicting upon him serious bodily injury, then before defendant could plead self defense it must appear from the evidence that before defendant did stab and kill said Earlene Myams, if he did stab and kill her, he, the defendant, viewed from his standpoint, used all reasonable means to avoid the necessity of stabbing and killing said deceased, if he did; and if it does not appear from the evidence that the defendant viewed from his standpoint did so resort to other means, if any, before stabbing and thereby killing the said Earlene Myams, such killing would be murder with malice or murder without malice, according to the state of mind of the defendant, and in this connection you are referred to the law heretofore given you in this charge with reference to murder with malice and murder without malice; or it would be aggravated assault if there was not the intention on the part of the defendant to kill the deceased, Earlene Myams, and in this connection you are referred to the law hereafter given you relative to aggravated assault; unless you should acquit the defendant on the ground of an accidental killing as given you in this charge on that subject."

Appellant excepted to the paragraph last above quoted, as follows:

"The defendant further objects and excepts to that portion of the Court's charge wherein the Court informs the jury as contained in paragraph 13b, 'that Earlene Myams was making or about to make an assault upon the the defendant but did not intend to kill him or inflict serious bodily injury upon him and that it did not reasonable appear to the defendant that said Earlene Myams intended to kill him or inflict upon him serious bodliy injury, then before the defendant could justify under the law of self defense the taking of Earlene Myams' life he would have to resort to all other reasonable means of defense;' this charge is highly and extremely prejudicial to the

right of the defendant, because it is entirely inapplicable and wholly inapplicable to the facts in this case, and because it requires the defendant to act upon the intent of the deceased in making such attack upon him, and because further the defendant would have a right to defend himself against unlawful violence on the part of the deceased or an attack or apparent attack upon the part of the deceased, whether the deceased intended to kill or inflict serious bodily injury upon him, and this too even though he did know the deceased did not intend to kill him or inflict serious bodily injury upon him, but only to inflict unlawful violence upon him.

"Said charge is furthermore highly improper and extremely prejudicial because the same requires the defendant to have resorted to all other reasonable means of defense. This charge is not in law and is entirely too restrictive and more onerous than is authorized by law, because the defendant would have a right to defend against unlawful violence on the part of the deceased without resorting to other means at his command; and said charge is further erroneous because it requires the defendant to prove that the deceased had no intention to kill or to inflict serious bodily injury upon him, and before the defendant would be justified in defending himself or is authorized to defend himself under the charge, he would have to know that the deceased did not intend to kill him or to inflict serious bodily injury upon him, when as a matter of fact he would have a right to defend himself against any unlawful violence or any attack, real or apparent, or any threatened attack, or any unlawful violence.

"And the defendant also objects and excepts to the following portion of the court's charge as contained in paragraph 13b wherein he instructs the jury as follows: 'That before the defendant did stab said Earlene Myams, if he did stab her, he, the defendant, used all reasonable means to avoid the necessity of stabbing said deceased, and if it does not appear from the evidence that the defendant did so resort to other means before stabbing and thereby killing the said Earlene Myams, such killing would be murder with or without malice, according to the state of the mind of the defendant;' this charge is fundamentally erroneous as applied to the facts in this case because there is no testimony raising the issue therein submitted, and because the above quoted instruction is upon the weight of evidence, and requires the defendant to have known of the intent of the deceased, and before he would be authorized to defend himself under this instruction he would have to resort

to other means before stabbing her, and because said charge also assumes that the defendant stabbed the deceased."

Appellant is in no position to contend that the charge in question was inapplicable to the facts. It appears that the court's charge, as first prepared, embraced no instruction on the right of appellant to defend against an attack less than deadly. Appellant excepted to the charge for its failure to embrace such an instruction, and the court amended the charge to meet said exception.

We are of opinion that the charge is not subject to the criticism that appellant's right to defend himself was made to depend upon the intent of the deceased. The charge merely advised the jury that if it did not reasonably appear to appellant that deceased intended to kill him or inflict serious bodily injury upon him then before he would be justified in killing deceased he would have to resort to all other reasonable means of defense.

Touching the right to defend against a violent attack not producing a reasonable expectation of death, we quote from Holland v. State, 61 S. W. (2d) 838, as follows:

"Notwithstanding the attack may be violent, before the accused is warranted in killing his assailant, he must resort to all other available and reasonable means of protection, save retreat."

We take the following quotation from Andrews v. State, 275 S. W., 1024:

"It seems obvious that the expressions in the case mentioned do not warrant the conclusion that an intentional homicide may be justified where it is intentionally inflicted in resisting an assault, the nature of which does not create in the mind of the accused an apprehension of either death or serious bodily injury, unless it appear that he had first used all other reasonable means, save retreat, to avert the injury. If the assault made by the deceased was not of a nature to create in the mind of the appellant, as viewed from his standpoint, an apprehension of death or serious bodily injury and did not create such apprehension, and in resisting such assault, appellant intentionally used a weapon which, in the manner of its use, was deadly, and killed the deceased without first resorting to other reasonable and available means of protection have retreat, the jury might have been warranted in taking into account the assault made by the deceased to mitigate the offense or reduce its grade, but not to justify the homicide."

We find nothing in the charge requiring appellant to prove

that deceased intended to kill him or inflict serious bodily injury upon him. Nor do we believe the charge ignores the appearances of danger. Looking to the charge on its entirety, we think it can not be said that it is on the weight of the evidence. It is true that in one part thereof the court assumes that appellant stabbed deceased. But, as qualified by the remaining portions of said charge, we are unable to perceive how such assumption could have injured appellant.

We do not wish to be understood as approving the charge under discussion. It might be subject to criticism. However, we are of opinion that appellant's exceptions thereto were not well taken.

Appellant also excepted to the charge as follows:

"The defendant objects and excepts to the court's charge because the court does not tell the jury affirmatively and from defendant's standpoint that if the knife in the hands of the defendant accidentally cut deceased in an effort by the defendant to protect himself against an assault or threatened assault by the deceased then the jury should acquit the defendant, or if the jury believes that the defendant cut deceased intentionally to protect himself, then they should acquit the defendant, or if the jury believes in a struggle to protect himself the defendant accidentally cut the deceased and that she died as a result thereof he would be justified on the grounds of self defense and the defendant requests the court now to clearly and affirmatively instruct the jury upon this issue."

The court instructed the jury on the law of self-defense. Moreover, he gave an instruction which reads as follows:

"You are further instructed that if you believe from the evidence, or have a reasonable doubt thereof, that at the time the deceased was stabbed, if she was stabbed, that the deceased had struck the defendant or it reasonably appeared to the defendant that the deceased was about to strike the defendant with a glass, and that the defendant threw up his hands with a view of protecting himself against said attack or threatened attack and thereby accidentally stabbed the deceased, or said stabbing was not intentional on the part of the defendant, if he did stab her, then in that event the homicide, if any, is excusable, and if you so find from the evidence or if you have a reasonable doubt thereof then you will find the defendant not guilty."

The court also instructed the jury that unless they believed from the evidence beyond a reasonable doubt that appellant intended to kill the deceased they should acquit him of the

offense of murder. Looking to the charge in its entirety, we think that it submitted in an affirmative manner the matters referred to in the exception last quoted.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—An instruction on the law of self-defense, to be correct, must be controlled and determined by the facts in any given case; and when the existence of facts calling for a charge on self-defense is in dispute, this raises a jury question. It was proper in the case before us for the court to submit to the jury the disputed question as to whether the acts of the deceased, immediately before she was stabbed,— were such as to make it reasonably appear to appellant at the time that deceased intended to kill him or inflict serious bodily injury upon him, and to tell the jury, as a matter of law, that unless her acts were of such character, appellant would not be justified in killing her.

A witness swore that he heard appellant ask deceased to have intercourse with him, and heard her refuse, and heard appellant make an ugly remark to her, all this occurring just before the fatal stabbing. Several witnesses saw the woman strike appellant with a glass having water in it, the size, weight, etc., of said glass not being before us. Proof was also made by a number of witnesses that appellant at once drew an "East Dallas Special" knife and stabbed deceased, the knife penetrating the cavity of the heart and likely the heart itself, according to the opinion of a physician. Appellant's own testimony was to the effect that he did not know he had cut deceased at all.

We are unable to agree with appellant's complaints appearing in his motion, and same will be overruled.

*Overruled.*