Robert E. KOLLINER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 49150.

Court of Criminal Appeals of Texas.

Dec. 11, 1974.

Rehearing Denied Jan. 8, 1975.

Collins, Langford & Pine, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Anita Ashton, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Larry Gist, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted for murder, and punishment was assessed by a jury at twenty years' imprisonment. This appeal presents five grounds of error, all of which complain of the self-defense charge and qualifications upon it given by the trial court.

■ The State by supplemental brief urges that none of these grounds of error are reviewable because there is nothing in the record to indicate that the appellant's written objections to the charge were ever presented to the trial judge or that the presentation, if any, was accomplished before the charge was read to the jury. Neither the usual recitation that the objections were presented to the trial judge before the charge was read to the jury nor a written order signed by the judge overruling the objections can be found on the face of the written objections themselves.

However, further examination of the transcript and the transcription of the court reporter's notes, in view of Art. 40.-09, §§ 3 and 4, Vernon's Ann.C.C.P., leads us to the conclusion that the requirement of Art. 36.14, V.A.C.C.P., that the objec-

tions be presented before the reading of the charge, is satisfied. The docket sheet reflects that at 6:35 p. m., November 1, 1973, both the defense and the prosecution closed, and the jury was excused until 9:00 a. m., November 3rd. According to the file marks on the instruments themselves, the court's charge was filed at 4:58 p. m., November 2nd, and the objections by the defense at 8:20 a. m., November 3rd. In the transcription of the court reporter's notes, when court reconvened at 9:00 a. m., November 3rd, for the reading of the charge, the judge asked if there were any objections. Defense counsel "renewed" his objections to certain paragraphs of the charge, specifically calling the court's attention to the one upon which we rule. Since it is obvious from the docket sheet, the instruments, and the transcription of the court reporter's notes that the objections were filed and brought to the attention of the trial judge prior to the reading of the charge to the jury, we hold that the objections are properly before us. Any difficulty in determining this could have easily been prevented if the trial judge had been requested to make his ruling and certification that the objections were timely made on the written objections themselves.

The facts in this case clearly raise the issue of self-defense. The appellant and two of his friends were in a crowded bar in El Paso. The appellant testified that a conflict arose between three men at another table and the appellant over a narcotics arrest and conviction in which the appellant had cooperated with narcotics agents. He testified that he was jabbed in the side by a knife blade. The appellant then went to his car, took a pistol from the trunk, and concealed it in his belt. Fearing for the safety of his friends, he reentered the bar. As the appellant approached his table, one of the three men lunged at him. The appellant drew his gun, fired one shot at the men, and several in the air. He testified that he sought the first available door as an escape, and it happened to be the women's restroom. As soon as he realized there was no other exit from the rest-

room, he turned to go back out the door he had entered. Then, the appellant testified, a dark figure (the deceased) holding a gun burst through the door and fired at the appellant, wounding him in the arm. The appellant fired several shots in return, hitting the deceased in the chest and neck. The deceased was a special officer, a peace officer, hired by the bar owner. He was dressed in a dark jacket, dark pants, and a gray shirt. His badge was not visible. Although the evidence is conflicting about the subject matter of the initial conflict, about who fired first, and about the appellant's demeanor, the appellant's testimony is sufficient to raise the issue of self-defense.

The trial court instructed the jury in the law of murder with malice, murder without malice, self-defense, and the right to go armed. Then the court in Paragraph 11 of the charge put this limitation on the right of self-defense:

"Any peace officer may arrest without warrant any person who shall carry on or about his person any pistol.

"It is the duty of a peace officer to notify an accused of his purpose in arresting him, and the officer must refrain from using more force than is necessary to effect his object.

"Therefore, if you find beyond a reasonable doubt that *the approach of the deceased was for the purpose of arresting the Defendant, and that before the deceased approached and had the opportunity to notify the Defendant of his official capacity and purpose, the Defendant shot at the deceased, thereby creating in the mind of the deceased a reasonable fear of suffering serious bodily injury or loss of life, and that upon such apprehension the deceased fired,* then the Defendant could not be justified in killing the deceased upon the ground of self-defense. (Emphasis added.)

"But if you find that the deceased failed to so notify the Defendant of such purpose, or in attempting to make such arrest used more force than you believe from the evidence was reasonably necessary to effect the same, then and in that event the Defendant's right of self-defense would not be impaired."

The appellant objected to that paragraph saying:

"Defendant objects to Paragraph 11 of the Court's charge in that the Court does not advise the jury that a peace officer must identify himself as such to a person. It takes it for granted that a person would know this if they were approached by a person not readily recognizable as a police officer. The Defendant objects to said Paragraph 11 in that the Court should instruct the jury that the Defendant must know or be informed that the person is a peace officer.

"Further, Defendant objects to Paragraph 11 in that the same charge is given twice, but the second time is in the negative and puts the burden upon the Defendant as opposed to the burden properly being upon the State. Further, the Defendant should have knowledge that the person attempting to arrest him is a peace officer, and that such fact be clearly recognizable to the Defendant.

"There should be added to Paragraph 11 the following: 'and the Defendant knew that the deceased was a peace officer.' "

He asserts in his first two grounds of error on appeal that the trial court erred in "instructing the jury that appellant's right of self-defense was dependent upon whether the jury believed that he did not give the deceased officer time to declare his official capacity and purpose" and "in failing to charge the jury that the appellant, in the circumstances of this case, must have known that the deceased was a peace officer or was readily recognizable as a peace officer."

The appellant's testimony has raised the issue of self-defense, and he was

entitled to a charge instructing that he be acquitted if the jury believed his testimony. The charge submitted was improper in at least two ways. Whether his defense of self was justifiable under the circumstances is a question to be determined by the jury from the appellant's point of view at the time he acted. Did the appellant reasonably believe he was under attack from a "dark figure," or did he know that the deceased was a peace officer attempting to make an arrest? This charge requires the jury to make findings of the undisclosed intentions and apprehensions of the deceased. The jury's judgment must be made only from the viewpoint of the appellant; the undisclosed intentions of the deceased cannot lessen the right of self-defense. Allala v. State, 157 Tex.Cr.R. 458, 250 S.W.2d 207 (1952); Barkley v. State, 214 S.W.2d 287 (1948); Parkman v. State, 149 Tex.Cr.App. 101, 152 Tex.Cr.R. 376, 191 S.W.2d 743 (1945); Liggins v. State, 131 Tex.Cr.R. 110, 97 S.W.2d 180 (1936). The question of whether the deceased had a reasonable fear, as provided in the charge, or indeed any undisclosed motive of the deceased, is irrelevant to the issue of the appellant's right of self-defense. If the appellant did not know the identity of his assailant, he may have acted in justifiable self-defense even though the deceased was a peace officer. Burkhardt v. State, 83 Tex.Cr.R. 228, 202 S.W. 513 (1918); Lynch v. State, 41 Tex.Cr.R. 510, 57 S.W. 1130 (1900).

■ Further, there should be no requirement that the appellant provide a peace officer with "the opportunity to notify the defendant of his official capacity and purpose." The appellant is entitled to a charge stating that he need have only a reasonable belief that he is under unjustifiable attack viewed from his standpoint at the time he acted. The appellant must only react as anyone would under attack, and he owes no greater duty to an unknown peace officer than to anyone else. The reasonableness of his belief is not based upon the giving of an opportunity for notice. See Bates v. State, 101 Tex. Cr.R. 230, 275 S.W. 1064 (1925) (opinion on motion for rehearing). If the appellant commenced firing before he believed he was in danger of death or serious bodily injury, or if he knew the dark figure was an officer who without the use of excessive force was attempting to arrest him, he would be without the right of self-defense; no other limitation to that right need be given.

■ The only question remaining to be decided then is whether the objection to this charge sufficiently brought the error to the attention of the trial court. Although not a model of clarity, the objection adequately points out one error when it states that "the defendant should have knowledge that the person attempting to arrest him is a peace officer, and that such fact be clearly recognizable to the defendant." If, as the appellant claims, the charge should say that the deceased was clearly recognizable as a peace officer to the appellant, a necessary implication is that no opportunity for the deceased to identify himself need be given. It would serve no purpose. If the appellant recognized the deceased as a peace officer who without excessive force was attempting to arrest him he would have no right of self-defense; if the appellant did not recognize him he may have killed justifiably. Thus, the appellant's objection is sufficient because he points out that the limitation on the right of self-defense, if any, should be that the right is only abridged when it is clearly recognizable that the deceased is a peace officer. This contradicts the trial court's instruction that the appellant should have provided an opportunity for notice and sufficiently shows the error.

Since the instruction was incorrect and the objection adequate, the appellant was denied the unfettered charge on self-defense to which he was entitled.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.