**Hersel JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49248.**

Court of Criminal Appeals of Texas.

Jan. 29, 1975.

Henry S. Coltzer, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., and Ronald L. Wilson, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for unlawfully carrying a pistol while in premises covered by a permit issued under the Texas Liquor Control Act as denounced by Article 483, Vernon's Ann.P.C. 1925, as amended.[1] The punishment was assessed

---

1. Article 483, supra, reads as follows:

   "(a) Any person who shall carry on or about his person, saddle or in his saddlebags, or in his portfolio or purse any pistol, dirk, dagger, slung shot, blackjack, hand chain, night stick, pipe stick, sword cane, spear, knuckles made of any metal or any hard substance, bowie knife, switch blade knife, spring blade knife, throw blade knife, a knife with a blade over five and one half (5½)

by the jury at two and one-half years' confinement in the Texas Department of Corrections.

The record reflects that on the date alleged in the indictment the appellant was in Wynn's Playhouse in Galveston when he became involved in an argument with one John Kosey after both men had been dancing with a woman described as "Fat Daddy's Wife." When Kosey started to leave, he went to the restroom where the appellant had gone. Appellant in the presence of witnesses shot Kosey several times from which wounds he died. Appellant was seen leaving the tavern with a pistol, and later, at the hospital where he had taken his "wife" who was also shot in the melee, the police recovered from him a pistol.

Initially appellant contends the court erred in refusing to grant his special requested charge which would have instructed the jury to acquit the appellant if they believed or had a reasonable doubt that the appellant carried the pistol "into" the premises covered by the permit issued under the Texas Liquor Control Act. It is his argument that since the indictment alleged that he carried a pistol "into" such licensed premises,[2] and since there was evidence to show that he acquired the pistol after he entered such premises, such requested instruction should have been given.

■ The special requested charge found in the record does not reflect on its face that it was presented to the trial judge prior to the time the charge was read to the jury. In fact, it does not reflect that it was ever presented to the trial judge or acted upon by him. We have examined the transcription of the court reporter's notes and do not find any mention of special requested charges being presented to the trial judge so as to satisfy Article 36.-15, Vernon's Ann.C.C.P. See and compare Kolliner v. State, 516 S.W.2d 671 (1974). We do find reference to the appellant's written "objections" mentioned in the transcription of the court reporter's notes, but the nature of these "objections" does not appear in the record, and it does not appear that the appellant obtained a ruling thereon by the trial judge. We cannot assume that the "objections" referred to in the record encompassed the nature of special requested charge without more than we have before us. Therefore, nothing is presented for review. See Article 36.15, V.A.C.C.P. Terry v. State, 517 S.W.2d 554 (1975); Newton v. State, 509 S.W.2d 610 (Tex.Cr. App.1974); Seefurth v. State, 422 S.W.2d 931 (Tex.Cr.App.1967).

■ Even if it can be argued that the special requested charges were timely presented, we perceive no reversible error. In the court's charge, the jury was informed of the offense of which the appellant was charged using the word "into" as alleged in the indictment. While it is true that in the charging portion of the court's

---

inches in length, or any other knife manufactured or sold for the purposes of offense or defense shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) or by confinement in jail for not less than one (1) month nor more than one (1) year, except that if the offense is committed by a person while in any premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act or at any dance where the public is invited and alcoholic beverages are openly sold, served, or consumed, he is guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than two (2) years nor more than five (5) years.

"(b) Where the misdemeanor offense is proved under allegations constituting a felony under this Article, the misdemeanor shall be a lesser included offense." Amended by Acts 1957, 55th Leg., p. 806, ch. 340, Sec. 1, eff. May 31, 1957; Acts 1968, 60th Leg., 1st C.S., p. 11, ch. 3, Sec. 1, eff. July 19, 1968.

2. Omitting the formal parts, the indictment alleged that on or about March 11, 1972, the appellant "did then and there unlawfully carry on or about his person a prohibited weapon, to-wit, a pistol, and carried said pistol *into* premises covered by a permit issued under the Texas Liquor Control Act, to-wit, a Wine and Beer Retail Permit, issued to Spergon Wynn, doing business as Wynn's Playhouse, . . . ."

instructions the words "in the premises" were used, this was followed by the words "as alleged in the indictment."

It appears that the word "into" was used in the indictment as a preposition and when so used it primarily denotes motion so directed as to terminate, if continued, when the position denoted by *in* is reached. However, one of its varied meanings is defined as "in—of position," Webster's New International Dictionary, Second Edition, Unabridged. The same authority defines *in* when used as a preposition as meaning "in, within, toward, on . . . "

The State further calls our attention to the fact that while one witness testified that appellant's "wife" took a pistol from her purse inside Wynn's Playhouse and handed it to the appellant prior to the shooting that resulted in the death of John Kosey, there was no showing when and how she acquired it, and no showing that this was the only pistol used in the subsequent events.

We cannot conclude from circumstances and from reading the charge as a whole that the appellant was deprived of a fair and impartial trial, or the error, if any, was calculated to impair his rights. See Article 36.19, V.A.C.C.P. We observe that the cases relied upon by appellant chiefly deal with situations where the court's charge authorized the jury to convict for an offense not charged in the indictment. Appellant's reliance upon such cases is misplaced.

Appellant also complains that the evidence is insufficient to sustain his conviction. Here again appellant relies upon the use of the word "into" in the indictment. We observe that at the penalty stage of the trial appellant testified and admitted his guilt of carrying a pistol "into" the premises in question and that he was guilty "of the allegations in the indictment." Such testimony removes any question as to the sufficiency of the evidence. Boothe v. State, 474 S.W.2d 219 (Tex.Cr.

App.1971); Palmer v. State, 475 S.W.2d 797 (Tex.Cr.App.1972); Evans v. State, 480 S.W.2d 387 (Tex.Cr.App.1972); Sheridan v. State, 485 S.W.2d 920 (Tex.Cr.App. 1972); Sims v. State, 502 S.W.2d 730 (Tex. Cr.App.1973).

The judgment is affirmed.